UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JAQUELINE MANGUAL,

                      Plaintiff,

                    -against-

NEW YORK ATHLETIC CLUB OF THE CITY
OF NEW YORK and FRANK CASTRO *individually*

                      Defendants.
------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff, JAQUELINE MANGUAL, by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action charging that Defendants violated <u>Title VII of the Civil Rights Act of 1964,</u> as amended, 42 U.S.C. § 2000e et. Seq. ("Title VII"), the <u>New York State Human Rights Law</u>, New York State Executive Law § 296 *et. seq.*, and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-107, *et. seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being <u>**sexually harassed, subjected to a hostile work environment, discriminated against and retaliated against on the basis of her gender (female) and caregiver status.**</u>

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and city law pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this district, pursuant to 28 U.S.C. §1391(b), based upon Defendants' residency within the County of New York, State of New York, within the Southern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC") on January 29, 2016.

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated June 6, 2016 with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff JAQUELINE MANGUAL ("MANGUAL") is a resident of the State of New York, County of Bronx.

9. Founded in 1868, Defendant NEW YORK ATHLETIC CLUB OF THE CITY OF NEW YORK ("NEW YORK ATHLETIC CLUB") is a private social club and athletic club in Manhattan, New York.

10. That at all times relevant hereto, Defendant NEW YORK ATHLETIC CLUB was a domestic not-for-profit corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York.

11. That at all times relevant hereto, Defendant NEW YORK ATHLETIC CLUB regularly conducts business within the State of New York and owns and/or operates a corporate office at 180 Central Park South, New York, New York 10019.

12. That at all times relevant hereto, Plaintiff was an employee of Defendant NEW YORK ATHLETIC CLUB.

2

13. Upon information and belief, at all times material, Defendant FRANK CASTRO ("CASTRO") was and is an individual residing in the State of New York.

14. That at all times material, Defendant ("CASTRO") was an employee of Defendant NEW YORK ATHLETIC CLUB, holding the position of "MANAGER."

15. That at all times relevant hereto, Defendant CASTRO was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Defendant CASTRO had the authority and/or the influence over those with authority to effect the terms and conditions of Plaintiff's employment; including but not limited to the ability to hire, fire, discipline, promote, and demote Plaintiff.

16. Defendant NEW YORK ATHLETIC CLUB and Defendant CASTRO are collectively referred to herein as "Defendants."

## MATERIAL FACTS

17. In January 2001, Plaintiff commenced her employment with Defendant part time as a ladies locker room attendant. Plaintiff typically worked on Saturdays, Sundays and on call. Plaintiff was responsible for cleaning, answering the telephone, picking up towels, selling clothes, and helping the members.

18. In or about May 2006, Plaintiff began working full time for Defendant NEW YORK ATHLETIC CLUB. Plaintiff typically worked a full-time schedule of approximately 35 hours per week Monday through Friday. Plaintiff's winter hours were 3:00 p.m. to 10:30 p.m. and her summer hours were from 2:30 p.m. to 9:30 p.m.

19. Throughout her tenure with Defendant NEW YORK ATHLETIC CLUB, Plaintiff was an exemplary employee and never received any disciplinary action.

20. While Plaintiff was working part-time for Defendant NEW YORK ATHLETIC CLUB, she noticed that Defendant CASTRO was very flirtatious with her.

21. When Plaintiff began to work full time, Defendant CASTRO began to sexually harass and discriminate against Plaintiff due to her gender. Defendant CASTRO subjected Plaintiff to a hostile work environment and preyed on her.

22. By way of example, Defendant CASTRO would make sexual comments to Plaintiff about her lips and other intimate body parts. CASTRO would tell Plaintiff, "I really like your lips" and "you're so pretty".

23. Defendant CASTRO would also find ways to stare at Plaintiff and make her uncomfortable. For example, Defendant CASTRO would keep Plaintiff in his office for over 3 hours just to look at her. When Plaintiff would ask if she could leave his office, Defendant CASTRO would say no.

24. **<u>In or around the end of 2013, while standing by the elevator, Defendant CASTRO forcibly kissed Plaintiff on the lips.</u>** Plaintiff rejected Defendant CASTRO and pushed Defendant away from her. Plaintiff felt belittled, offended, and humiliated by Defendant CASTRO's unwanted sexual advances.

25. **<u>A couple of weeks later, Defendant CASTRO asked Plaintiff to go to the massage room with him so that she could rub his back. Plaintiff rejected this sexual advance.</u>**

26. **<u>In or around the beginning of 2014, while in Defendant CASTRO's office, Defendant CASTRO again forcibly kissed Plaintiff.</u>** As Plaintiff pushed Defendant CASTRO away from her, she told Defendant CASTRO, "you are my boss and this cannot happen".

27. Despite Plaintiff's constant rejections of Defendant's sexual advances, he continued to prey on Plaintiff.

4

28. Defendant CASTRO would continue to compliment her and find ways to inappropriately touch her. By way of example, Defendant CASTRO would kiss Plaintiff on the cheek when he would see her.

29. **On one occasion, Defendant CASTRO asked Plaintiff to go to a hotel with him. Plaintiff understood this comment to mean that Defendant CASTRO wanted to have sex with her.** Plaintiff refused this sexual advance and told Defendant CASTRO that he makes her feel uncomfortable.

30. Sometime in around December, 2014 Defendant CASTRO became fed up and began to retaliate against Plaintiff for rejecting his sexual advances.

31. By way of example, although Plaintiff was scheduled to work Monday through Friday, she would work weekends, if she was asked. On or about December 2014, Plaintiff was asked if she could work a weekend to cover for another employee. However, Plaintiff was unable to find a babysitter.

32. Defendant CASTRO indicated, "you need to work this shift." Defendant CASTRO then threatened to take Plaintiff to Human Resources and to write her up if she did not work the weekend shift. **Plaintiff told Defendant CASTRO that he is only threatening her position because she would not have sex with him.**

33. Despite this. Defendant CASTRO's sexual advances continued throughout 2015.

34. For example, the consistent compliments of Plaintiffs intimidate body parts and looks continued on a regular basis.

35. **Defendant CASTRO also attempted to persuade Plaintiff to have sex by telling her, "I can give you employee of the month if you sleep with me."**

36. Defendant CASTRO tried to win Plaintiff's affection by telling her, "If I won the lottery I will buy you a house and take care of you."

5

37. On or about June 2015, Plaintiff asked Defendant CASTRO if she could come into work at 4:00 p.m. instead of 2:30 p.m. because she couldn't find a babysitter for her child. Latisha told Plaintiff that this was fine with her but that she would need to ask Defendant CASTRO. Defendant CASTRO refused to accept this request. Instead, Defendant CASTRO reported Plaintiff to Human Resources. Human Resources told Plaintiff that she had two weeks to find a babysitter if she wished to change this shift time. After three weeks, Plaintiff could not find a babysitter, Nathalie from Human Resources told Plaintiff that it was up to Defendant CASTRO if he would approve the shift time. Defendant CASTRO decided not to do so.

38. On or about July 15, 2015, Plaintiff was suspended because she could not find a babysitter. Plaintiff was then called and told not to come back to work.

39. Prior to complaining about the sexual harassment, Defendant CASTRO would allow Plaintiff to bring her daughter to work but then stopped.

40. Upon information and belief, no other employee of Defendant was treated in the above fashion by Defendants but for Plaintiff because of her gender.

41. The above acts are only an example of the acts Plaintiff was exposed to on a regular basis by Defendants.

42. Plaintiff was regularly exposed to a sexually offensive, violent and hostile work environment.

43. Plaintiff has been unlawfully discriminated against, was humiliated, retaliated against, has been degraded, victimized and embarrassed; and as a result suffers loss of rights, emotional distress, loss of income, earnings.

44. Plaintiff's performance was, upon information and belief, above average during the course of employment with the Defendants.

6

45. Plaintiff was treated differently (sexually harassed and propositioned) by Defendant CASTRO because of her gender (female).

46. Upon information and belief Defendant CASTRO's sexually harassing behavior was also motivated by a general hostility toward Plaintiff based on her gender.

47. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

48. As a result of the Defendants' discriminatory and intolerable treatment, Plaintiff suffered severe emotional distress, physical ailments, and physical injuries.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

50. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

51. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful

7

employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

54. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender (sexual harassment that resulted in a hostile work environment).

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

57. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

8

59. New York City Administrative Code §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation, caregiver status, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

60. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender (sexual harassment that resulted in a hostile work environment).

## FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## FIFTH CAUSE OF ACTION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE INTERFERENCE WITH PROTECTED RIGHTS

64. Plaintiff repeats, repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

9

65. New York Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this action.

66. Defendants violated the section cited herein as set forth.

### SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

69. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   1. the employee or agent exercised managerial or supervisory responsibility; or

   2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

72. Defendants violated the section cited herein as set forth.

## EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

75. Defendants violated the section cited herein as set forth.

## NINTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

78. Defendants violated the section cited herein as set forth.

## TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

12

80. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

81. Defendants violated the section cited herein as set forth.

## JURY DEMAND

82. Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, the New York State Executive Law §296 *et. seq.*, and the New York City Administrative Code § 8-107 *et. seq.* in that Defendants discriminated against Plaintiff on the basis of her gender with sexual harassment and retaliated against her as well;

B. Declaring that the Defendants intentionally caused Plaintiff to become emotionally distressed;

C. Awarding damages to the Plaintiff for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of

the action;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
July 12, 2016

                                               PHILLIPS & ASSOCIATES,
                                               ATTORNEYS AT LAW, PLLC

                                               _____
                                               Marjorie Mesidor, Esq.
                                               Brittany A. Stevens
                                               *Attorneys for Plaintiff*
                                               45 Broadway, Suite 620
                                               New York, NY 10006
                                               (212) 248-7431 (telephone)
                                               mmesidor@tpglaws.com
                                               bstevens@tpglaws.com


EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jacqueline Mangual<br>994 E. 180th Street, Apt 2I<br>Bronx, NY 10460 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-01250 | Roxanne Zygmund,<br>Investigator | (212) 336-3764 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>**WITHIN 90 DAYS**</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>**more than 2 years (3 years)**</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     _Kevin J. Berry_     **JUN 06 2016**
Kevin J. Berry,
District Director     (Date Mailed)

cc:    Director of Human Resources
NEW YORK ATHLETIC CLUB OF THE CITY OF NEW YORK
180 Central Park South
New York, NY 10019

Marjorie Mesidor, Esq.
PHILLIPS AND ASSOCIATES
45 Broadway, Suite 620
New York, NY 10006